UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

RICHARD LEBLANC,

Plaintiff,

v. Case No: 6:12-cv-1235-Orl-41TBS

USG7, LLC, USDS, LLC and MIKE KEEN,

Defendants.

---

## REPORT AND RECOMMENDATION

This matter comes before the Court *sua sponte*. On August 13, 2012, Plaintiff Richard LeBlanc brought this collective action under the Fair Labor Standards Act ("FLSA") against Defendants USG7, LLC ("USG7"), USDS, LLC d/b/a Fugitive Extraditions Unit ("USDS"), and Mike Keen, alleging the Defendants had violated the FLSA by failing to pay Plaintiff minimum wage and time-and-a-half for overtime Plaintiff worked. (Doc. 1). On March 6, 2013, Plaintiff amended his complaint. (Doc. 18). USDS and Keen answered the amended complaint on April 11, 2013, (Doc. 26); Defendant USG7 did not answer and has been defaulted. (Doc. 32).

On August 5, 2013, the Court entered a Case Management and Scheduling Order ("CMSO"). (Doc. 40). The CMSO requires that "all parties shall participate in good faith in mediation" and that they must mediate the case by May 23, 2014. (Id. at 2, 10). The CMSO provides that "neither the mediator nor the parties have the authority to continue the mediation conference beyond this date except on express order of the Court." (Id. at 10 (emphasis in original)). The CMSO also provides:

> Each attorney acting as lead trial counsel, and each party (and in the case of a corporate party, a corporate representative) with full authority to settle, **shall** attend and participate in the mediation conference. ... The Court will impose sanctions upon lead counsel and parties who do not attend and participate in good faith in the mediation conference.

(Id. at 10-11).

Initially, USDS and Keen were represented by an attorney, whose services they terminated on February 19, 2014. By order dated March 13, 2014, and amended March 17, 2014, the Court granted counsel's motion to withdraw. (Docs. 49, 50, 51). The amended order warned USDS that, as an entity, it could not proceed pro se, and that if it "does not obtain new counsel, then it faces dire consequences which may include the entry of a default judgment." (Doc. 51 at 1-2). The order directed that new counsel appear on behalf of USDS "[o]n or before April 14, 2014." (Id. at 2). The amended order also informed Defendants that they bear the responsibility of notifying the Court of any changes of their addresses. (Id.). The Clerk mailed a copy of the order to Defendants at their addresses on file with the Court, and the mail was returned as undeliverable. (Docket).

A mediation conference was held on May 15, 2014. (Doc. 52). According to the mediator's report, all Defendants failed to appear for the mediation. (Id.) The following day, the Court ordered USDS and Keen (USG7 was already in default), to show cause in writing no later than May 30, 2014, "why they should not be held in contempt and sanctioned for failing to mediate this case on May 15, 2014." (Doc. 53 at 2). The order was mailed to USDS and Keen and returned as undeliverable. (Docket). The Clerk then mailed a copy of the order to Keen at a post office box identified as his in an earlier

unsuccessful return of service (Doc. 14), but this mailing was also returned as undeliverable. (Docket).

On May 29, 2014, Plaintiffs filed Certificates of Non-Appearance at Deposition for Keen and USDS's corporate representative. (Doc. 54). The certificates state that these Defendants failed to appear for their depositions on April 2, 2014. (Id.)

On July 2, 2014, the case was reassigned to United States District Judge Carlos E. Mendoza. (Doc. 55). As a consequence of the reassignment, the Clerk entered a notice of rescheduling hearing which maintained the trial date but indicated that the case would proceed before Judge Mendoza rather than Judge Antoon. (Doc. 56). The Clerk mailed copies of the notice to USDS and Keen; the copy mailed to Keen has been returned as undeliverable.

## I. Discussion

Rule 16(f)(1) of the Federal Rules of Civil Procedure provides that a "court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney … fails to obey a scheduling or other pretrial order." Sanctions authorized by the relevant subparagraphs of Rule 37(b)(2)(A) include "rendering a default judgment against the disobedient party" and "treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination." FED. R. CIV. P. 37(b)(2)(A)(vi), (vii). Rule 16(f)(2) provides that, whether or not the Court imposes other sanctions, it must "order the party, its attorney, or both to pay the reasonable expenses–including attorney's fees–incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust."

In addition, the CMSO provides:

> The Court will impose sanctions on any party or attorney: 1) who fails to attend and to participate actively in the meeting to prepare the Joint Pretrial Statement, or who refuses to sign and file the agreed document; 2) who fails to attend the Final Pretrial Conference, or who is substantially unprepared to participate; 3) who fails to attend the mediation and actively participate in good faith, or who attends the mediation without full authority to negotiate a settlement, or who is substantially unprepared to participate in the mediation; or 4) who otherwise fails to comply with this order. Sanctions may include but are not limited to an award of reasonable attorneys fees and costs, the striking of pleadings, the entry of default, the dismissal of the case, and a finding of contempt of court. See Fed.R.Civ.P. 16(f) and 37; Local Rules 9.05(c), (e); 28 U.S.C. § 1927.

(Doc. 40 at 12).

Defendants have violated the Court's rules and orders on numerous occasions. USDS is still pro se more than four months after the Court granted its attorney's motion to withdraw. Local Rule 2.03(e) provides that "[a] corporation may appear and be heard only through counsel," and the Court has consistently interpreted this rule to apply to other entities including limited liability companies. 420 Julia Street, LLC v. Meecorp Capital Markets, LLC, No. 3:10-cv-00790-J-99TJC-JBT, 2010 WL 4810645, at *1 (M.D. Fla. Nov. 18, 2010); Cruz v. Petty Transportation, LLC, No. 6:09-cv-498-Orl-22KRS, 2008 WL 2157154, at *1 (M.D. Fla. May 22, 2008); Energy Lighting Management v. Kinder, 363 F. Supp. 2d 1331, 1332 (M.D. Fla. 2008). The Court directed USDS to obtain new counsel by April 14, 2014, and warned that if it failed to do so, it would face "dire consequences which may include the entry of a default judgment." (Doc. 51 at 2). Almost three and a half months have passed since the Court's deadline and USDS is still unrepresented.

USDS and Keen both violated the CMSO by failing to participate in good faith in mediation, and the deadline to mediate has passed. These Defendants' failure to attend

the mediation conference on May 15, 2014, rendered the process a waste of Plaintiff, Plaintiff's counsel, and the mediator's time. (Docs. 52, 53). The CMSO promises sanctions for those parties and their attorneys who fail to appear at mediation. (Doc. 40 at 11).

USDS and Keen also disobeyed the Court's May 16, 2014 order to show cause. (Doc. 53). The Court directed these Defendants to show cause in writing by May 30, 2014, why they should not be sanctioned for failing to attend the mediation. (Id.) They failed to respond by the deadline and still have not done so nearly two months later.

Lastly, USDS and Keen have failed to maintain current addresses with the Court, despite the Court's instruction that it was their responsibility to do so. (Doc. 51 at 2).

USDS and Keen's continued and unexcused failure to comply with the Court's orders warrants sanctions and as such I recommend the Court impose sanctions. Because I am unaware of any circumstances that would make an award of expenses unjust, I also recommend the Court order USDS and Keen to pay Plaintiff's reasonable expenses incurred for the failed mediation. To this end, I recommend the Court direct Plaintiff to document his expenses within 14 days of the rendition of the Court's order on this Report and Recommendation.

I also recommend the Court find that Defendants' continued failure to obey the Court's rules and orders warrants the entry of a default judgment against them. Ordinarily, the Court may enter default judgment as a sanction only upon finding "a clear pattern of delay or willful contempt" and only after "consider[ing] less drastic sanctions for non-compliance." Cohen v. Carnival Cruise Lines, Inc., 782 F.2d 923, 925 (11th Cir. 1986). But, when an entity persists in proceeding without counsel in contravention of local rules and a court order, as USDS has here, entry of default judgment is appropriate.

Citadel Commerce Corp. v. Cook Systems, Inc., No. 8:08-cv-1923-T-33TGW, 2009 WL 1515736, at *1 (M.D. Fla. June 1, 2009) (citing Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion, 88 F.3d 948 (11th Cir. 1996)). USDS and Keen's failure to notify the Clerk of their new addresses, or, for that matter, take any other action with respect to this litigation, suggests that they have wilfully abandoned the case. The Court routinely dismisses cases when plaintiffs fail to maintain a current address and otherwise fail to prosecute their case, see, e.g., Hamida v. Smith, No. 3:10-cv-1010-J-34MCR, 2011 WL 208308 (M.D. Fla. Jan. 21, 2011); Johnson v. Parker, No. 6:07-cv-926-Orl-19DAB, 2007 WL 4531557 (M.D. Fla. Dec. 18, 2007); Petit-Val v. Gonzales, No. 8:06-cv-947-T-30MSS, 2006 WL 1890178 (M.D. Fla. July 10, 2006); and courts in other districts have entered default judgments against defendants who moved without notifying the court of their new address and otherwise appeared to have abandoned the case, see, e.g., Barnstormers, Inc. v. Wing Walkers, LLC, No. EP-10-CV-261-KC, 2011 WL 1671641 (W.D. Tex. May 3, 2011); United States v. Smith, Civ. No. 06-0881, 2008 WL 5773876 (W.D. La. Dec. 4, 2008); Microsoft Corp. v. Marturano, No. 1:06-CV-1747 OWW GSA, 2007 WL 4570640 (E.D. Cal. Dec. 27, 2007). And, where a party has failed to keep the Court apprised of its address and has otherwise failed to participate in the litigation, less drastic sanctions merely postpone the inevitable.

## II. Recommendation

Upon consideration of the foregoing, I respectfully recommend that:

1. Plaintiffs be awarded their expenses in connection with USDS and Keen's failure to attend the mediation conference on May 15, 2014.

2. Plaintiffs be afforded 14 days from the rendition of the Court's order to document their mediation expenses.

3. The answer of USDS and Keen (Doc. 26) be stricken and default judgment be entered against them.

Specific written objections to this report and recommendation may be filed in accordance with 28 U.S.C. § 636, and M.D. Fla. R. 6.02, within fourteen (14) days after service of this report and recommendation. Failure to file timely objections shall bar the party from a de novo determination by a district judge and from attacking factual findings on appeal.

The Clerk is directed to send a copy of this Order to the address she is currently using for USDS and Keen, and an additional copy by first class mail to:

USDS, LLC
c/o Willow L. Brodo
10151 University Blvd., Ste. 517
Orlando, Florida 32817

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on July 29, 2014.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

Presiding United States District Judge
All Counsel of Record
All Unrepresented Defendants