UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**RICHARD LEBLANC,**

      **Plaintiff,**

**v.**                                  **Case No:  6:12-cv-1235-Orl-41TBS**

**USG7, LLC, USDS, LLC and MIKE
KEEN,**

      **Defendants.**
_____/

## ORDER

THIS CAUSE is before the Court upon the *sua sponte* Report and Recommendation of the United States Magistrate Judge. (Doc. 57). The Magistrate Judge recommends that default judgment[1] be entered against both remaining Defendants, USDS, LLC and Mike Keen, that their Answer be stricken from the record, and that, additionally, they be required to pay the expenses incurred by the Plaintiffs as a result of their failure to attend a mediation conference. (*Id.* at 6-7). After an independent *de novo* review of the record in this matter, and noting that no objections were timely filed, the Court agrees with the findings of fact and conclusions of law in the Report and Recommendation.

"The 'severe sanction of a dismissal or default judgment is appropriate only as a last resort, when less drastic sanctions would not ensure compliance with the court's orders.'" *In re Sunshine Jr. Stores, Inc.*, 456 F.3d 1291, 1306 (11th Cir. 2006) (quoting *Malautea v. Suzuki Motor Co.*, 987

---

[1] The Magistrate Judge recommends the entry of default judgment but Plaintiffs' declarations and evidence (Doc. 43) relate only to Defendant USG7, LLC. Therefore, as to Defendants USDS, LLC and Mike Keen, there is not a sum certain. Entry of default is more appropriate at this time.

F.2d 1536, 1542 (11th Cir. 1993)). "A district court may [ ] strike pleadings and direct a clerk to enter default against defendants who have made an appearance as a sanction for discovery abuses or the abandonment of defenses." *Clever Covers, Inc. v. Sw. Fla. Storm Def., LLC*, 554 F. Supp. 2d 1303, 1307 (M.D. Fla. 2008). The Defendants have abandoned their defense. After the withdrawal of their attorney—on the grounds that he was terminated by the parties—in March 2014, (Doc. Nos. 49–51), the Defendants have failed to maintain a current address despite being ordered to do so, have failed to respond to the Court's orders, have failed to attend mediation, and have made no objection to the recommendation that sanctions and default be imposed. Based on this pattern of disregard for this litigation, lesser sanctions would not ensure compliance and default is both appropriate and necessary in this case.

It is **ORDERED** and **ADJUDGED** as follows:

1. The Report and Recommendation (Doc. 57) is **ADOPTED** and **CONFIRMED** and made a part of this Order.

2. The Answer (Doc. 26) of Defendants is stricken from the record.

3. The Clerk shall enter default against Defendant USDS, LLC d/b/a Fugitive Extraditions Unit and Defendant Mike Keen.

4. Plaintiffs shall be awarded their reasonable expenses incurred as a result of Defendants' failure to attend the noticed mediation conference held May 15, 2014.

5. Plaintiffs shall document their mediation expenses on or before **Friday, September 19, 2014**.

**DONE** and **ORDERED** in Orlando, Florida on September 5, 2014.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties