UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

RICHARD LEBLANC,

    Plaintiff,

v.                                                      Case No:   6:12-cv-1235-Orl-41TBS

USG7, LLC, *et al.*,

    Defendants.

## REPORT AND RECOMMENDATION

### I. Background

This is a collective action for unpaid overtime wages and unpaid minimum wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the Florida Constitution. Plaintiffs Richard Leblanc, Warren Willets, and Jason Pietarila each filed a notice of consent to join the case (Docs. 67-1, 67-2, 67-3). Defendant USG7, LLC, never made an appearance; Defendant USDS, LLC, initially appeared and filed an answer, but did not make any further appearances after its attorney withdrew (Docs. 26, 49, 51). Default judgment was entered for Plaintiffs and against Defendants USG7, LLC, and USDS, LLC on August 27, 2015 (Docs. 94-99). The case is now before me on Plaintiffs' Renewed Motion for Attorneys' Fees and Costs (Doc. 100). Plaintiffs seek an award of $25,872 in attorneys' fees for 40.8 hours of work performed by Scott C. Adams, Esq., at the rate of $300 per hour; 22.6 hours of work performed by N. Ryan LaBar, Esq., at the rate of $225 per hour; and 81.4 hours of work performed by paralegal Judy Cane at the rate of $105 per hour. Plaintiffs also seek costs in the amount of $1,393.75. For the reasons that follow, I respectfully recommend the Court grant Plaintiffs' motion.

## II. Discussion

In a successful FLSA suit for unpaid minimum wages or unpaid overtime wages, "[t]he court ... shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."  29 U.S.C. § 216(b).  This section "of the Act makes fee awards mandatory for prevailing plaintiffs."  Kreager v. Solomon & Flanagan, P.A., 775 F.2d 1541, 1542 (11th Cir. 1985) (citing Christianburg Garment Co. v. EEOC, 434 U.S. 412, 416 (1978)).  "The first step in calculating a reasonable attorney's fee award is to determine the 'lodestar'–the product of multiplying reasonable hours expended times a reasonable hourly rate."  Martinez v. Hernando Cnty. Sheriff's Office, 579 F. App'x 710, 713 (11th Cir. 2014) (quoting Am. Civil Liberties Union v. Barnes, 168 F.3d 423, 427 (11th Cir. 1999)).  "The lodestar may then be adjusted after considering other factors, such as the results obtained."  Id.

"The first step in determining the proper lodestar amount is calculating the number of hours reasonably expended on the litigation."  Galdames v. N & D Inv. Corp., 432 F. App'x 801, 806 (11th Cir. 2011).  Prevailing attorneys "must exercise their own billing judgment to exclude any hours that are 'excessive, redundant, or otherwise unnecessary.'"  Resolution Trust Corp. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)).  "[A] court may reduce excessive, redundant or otherwise unnecessary hours in the exercise of billing judgment."  Perkins v. Mobile Hous. Bd., 847 F.2d 735, 738 (11th Cir. 1988) (citing Norman v. Hous. Auth. of City of Montgomery, 836 F.2d 1292, 1301 (11th Cir. 1988)).  If the court concludes that the number of claimed hours is excessive, "it may conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board

cut," so long as it provides adequate explanation for the decrease.  Bivins v. Wrap It Up, Inc., 548 F.3d 1348, 1350 (11th Cir. 2008).

"'A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation.'"  Id. (quoting Norman, 836 F.2d at 1299).  "The applicant bears the burden of producing satisfactory evidence that his requested rate is reasonable."  Id. "What an attorney charges his clients is 'powerful, and perhaps the best, evidence of his market rate.'"  Id. (quoting Dillard v. City of Greensboro, 213 F.3d 1347, 1355 (11th Cir. 2000)).  Prior awards are also relevant.  Id.  "Ultimately, the computation of a fee award is necessarily an exercise of judgment, because '[t]here is no precise rule or formula for making these determinations.'"  Villano v. City of Boynton Beach, 254 F.3d 1302, 1305 (11th Cir. 2001) (quoting Hensley, 461 U.S. at 436).

Plaintiffs have submitted the affidavits of Scott C. Adams, Esq., N. Ryan LaBar, Esq., and Richard Smith, Esq., in support of their fee request (Docs. 100-1, 100-2, 100-3). The affidavits of Plaintiffs' counsel detail their experience and represent that the rates billed in this matter are the rates actually charged by Plaintiffs' counsel (Docs. 100-1, 100-2).  The Affidavit of Richard Smith supports a finding that both the number of hours expended on this matter and the hourly rates charged are reasonable and that the hourly rates are consistent with rates charged in the community for similar services by lawyers of reasonably comparable skills, experience, and reputation (Doc. 100-3).

Counsel for Plaintiffs have also filed their time records showing the dates upon which work was performed, the nature of the services provided, and the time charged for those services (Doc. 100-5).  These time records support Plaintiffs' claim.  After

reviewing the affidavits and counsel's time entries I am satisfied that the number of hours expended and the hourly rates are reasonable.

In addition to attorneys' fees, Plaintiffs seek an award of $1,393.75 in costs, allocated as follows:

| | |
|---|---|
| Filing Fee: | $350.00 |
| Service of Process: | $938.75 |
| FL. Dept. State Service: | $8.75 |
| Court Reporter: | $104.50 |

Plaintiffs allege that Defendants' conduct resulted in the high cost for service of process, noting 14 unsuccessful attempts at service on USDS, LLC's registered agent (Doc. 100, p. 10), and that "enhanced process server techniques" were required to effect service of process (Id. at p. 11). Copies of invoices for service of process are attached to the motion (Docs. 100-4, 100-5).

Under the Federal Rules of Civil Procedure, a prevailing party is generally entitled to an award of all taxable costs incurred in litigating the dispute. See Fed. R. Civ. P. 54(d)(1). Pursuant to statute,

> A judge or clerk of any court of the United States may tax as costs the following: (1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title [28 USCS § 1923]; [and] (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title [28 USCS § 1828].

28 U.S.C. § 1920. After due consideration, I find that the filing fee and the charges incurred by Plaintiffs to serve Defendants are recoverable as costs of this action.

Plaintiffs set the deposition of the corporate representative of USDS, LLC for April 2, 2014 (Doc. 100-1, p. 36). The deponent failed to appear and a certificate of non-appearance was issued (Id.; Doc. 54). For its services, the court reporting company charged $95.00, but Plaintiffs paid $104.50 because payment was made after May 3, 2014 (Doc. 100-1, p. 36). "Costs for depositions are recoverable under § 1920(2) if the deposition was wholly or partially necessarily obtained for use in the case." Kobie v. Fithian, No. 2:12-cv-98-FtM-29DNF, 2014 U.S. Dist. LEXIS 72521, at *4 (M.D. Fla. May 28, 2014) (internal quotations omitted). I find Plaintiffs' attempt to depose Defendant USDS, LLC reasonable and recommend that costs in the amount of $95.00 be awarded. The additional $9.50 resulted from the timing of Plaintiffs' payment and therefore, in my view, is not chargeable to USDS, LLC.

Plaintiffs have broken out their attorneys' fees and costs into three categories: (1) $14,157.00 in fees and $350.00 in costs which they say are "inextricably intertwined" so that they are allocable to both Defendants; (2) $5,689.50 in fees and $153.75 in costs allocable to Defendant USG7; and (3) $6,025.50 in fees and $889.50 in costs allocable to Defendant USDS, LLC (Doc. 100, p. 11). This allocation appears on its face to be reasonable.

### III. Recommendation

For the foregoing reasons, I **RESPECTFULLY RECOMMEND** that Plaintiffs' Renewed Motion for Attorneys' Fees and Costs, (Doc. 100), be **GRANTED** and that judgment be entered for Plaintiffs and against Defendants as follows:

(1) That Plaintiffs be **AWARDED** attorneys' fees in the amount of $14,157.00, and costs in the amount of $350.00, for a total of $14,507 against Defendants USG7, LLC, and USDS, LLC, jointly and severally;

    (2)   That Plaintiffs be **AWARDED** attorneys' fees in the amount of $5,689.50, and costs in the amount of $153.75, for a total of $5,843.25 against Defendant USG7, LLC, individually; and

    (3)   That Plaintiffs be **AWARDED** attorneys' fees in the amount of $6,025.50, and costs in the amount of $880,[1] for a total of $6,905.50 against Defendant USDS, LLC, individually.

Specific written objections to this report and recommendation may be filed in accordance with 28 U.S.C. § 636, and M.D. Fla. R. 6.02, within fourteen (14) days after service of this report and recommendation. A party failing to file written objections to a magistrate judge's findings or recommendations within fourteen (14) days of the issuance of the report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual findings and legal conclusions.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on September 22, 2015.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Presiding United States District Judge
    Counsel of Record
    Unrepresented Parties

---

[1] As discussed *supra*, Plaintiffs' requested award of $889.50 in costs attributable to Defendant USDS, LLC, was reduced by $9.50, which was incurred because of the timing of Plaintiffs' payment to the court reporter and therefore, in my view, is not chargeable to USDS, LLC.