UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**RICHARD LEBLANC,**

      **Plaintiff,**

v.                                                              **Case No: 6:12-cv-1235-Orl-41TBS**

**USG7, LLC and USDS, LLC,**

      **Defendants.**

**ORDER**

THIS CAUSE is before the Court on Plaintiffs' Renewed Motion for Attorney Fees and Costs ("Motion for Attorney Fees," Doc. 100). United States Magistrate Judge Thomas B. Smith issued a Report and Recommendation ("R&R," Doc. 101), recommending that the Court grant Plaintiffs' motion and award $25,872.00 in attorneys' fees and $1,383.75 in taxable costs, reflecting a $9.50 reduction in Plaintiffs' requested costs. (*Id.* at 5–6 & n.1). After an independent *de novo* review of the record, the Court agrees in part with the recommendations as set forth in the R&R. However, as set forth herein, the Court finds that additional deductions from both the attorneys' fees and costs are appropriate.

**I.**      **LEGAL STANDARD**

Upon timely objection, a magistrate judge's order on a nondispositive pretrial matter is reviewed under a "clearly erroneous or contrary to law" standard of review, 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a), while a magistrate judge's recommendation on a dispositive pretrial matter is reviewed under a *de novo* standard, 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(3). Even where *de novo* review is not required, "the district court may undertake 'further review . . . , *sua sponte* or at the request of a party, under a *de novo* or any other standard.'"

*Stephens v. Tolbert*, 471 F.3d 1173, 1176 (11th Cir. 2006) (quoting *Thomas v. Arn*, 474 U.S. 140, 154 (1985)). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

## II.   ATTORNEYS' FEES

Plaintiffs seek to recover a total of $25,872.00 in attorneys' fees from Defendants. (Mot. Att'y Fees at 11). Plaintiffs allege that $14,157.00 if these fees are inextricably intertwined between Defendants and should, therefore, be awarded jointly and severally. (*Id.*). Of the remainder, Plaintiffs seek $5,689.50 from Defendant USG7, LLC ("USG7") individually, and $6,025.50 from Defendant USDS, LLC ("USDS") individually. (*Id.*). The Court agrees with the R&R's findings of fact and conclusions of law insofar as they apply to the reasonableness of Plaintiffs' counsels' hourly rates; however, the Court will reduce the hours billed by N. Ryan LaBar by 6.5 hours.

On November 6, 2014, this Court denied Plaintiffs' first Motion for Default Judgment because the Amended Complaint failed to state a claim for relief against Defendants. (*See* Nov. 6, 2014 Order, Doc. 65, at 8). Thereafter, Plaintiffs filed a Second Amended Complaint (Doc. 67) and again attempted to perfect service. When Defendant ultimately failed to appear, Plaintiffs renewed their motion for default judgment. (Renewed Mot. Final Default J., Doc. 90). Plaintiffs now seek to recover fees for at least a portion of the time expended in amending their pleadings and serving the Second Amended Complaint. Plaintiffs additionally seek to recover fees from responding to several orders to show cause inquiring as to why Plaintiffs were not proceeding on the Second Amended Complaint in a timely manner and in accordance with the Rules and Orders of this Court. (*See* Feb. 11, 2015 Order, Doc. 79, at 1; June 15, 2015 Order, Doc. 84, at 1).

"Redundant, excessive, or otherwise unnecessary hours should not be included in the calculation of hours reasonably expended." *Perez v. Carey Int'l, Inc.*, 373 F. App'x 907, 910-11 (11th Cir. 2010) (per curiam) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). The Court will not award fees incurred as a result of the need to draft, file, and serve the Second Amended Complaint or the Renewed Motion for Final Default Judgment. These fees arise only out of Plaintiffs' counsels' need to correct their mistakes and are, therefore, both excessive and redundant. *See Mobley v. Apfel*, 104 F. Supp. 2d 1357, 1360 (M.D. Fla. 2000) ("[T]ime devoted to correcting one's own errors should not be reimbursable."). Additionally, this Court will not award fees incurred in responding to orders to show cause because these fees were entirely unnecessary.

Accordingly, the Court will deduct 4.4 hours of time at $225.00 per hour from the total fees allocable jointly to Defendants and will award Plaintiffs $13,167.00 in attorneys' fees against Defendants jointly. (*See* Time Entries Pertaining to USG7 and USDS, Doc. 100-5, at 15).[1] The Court will also reduce the fees sought against USDS individually by 2.1 hours at $225.00 per hour and will award Plaintiffs $5,553.00 in attorneys' fees against USDS. (*See* Time Entries Pertaining to USDS, Doc. 100-5, at 25). The Court will award the full $5,689.50 requested with respect to USG7.

### III.   TAXABLE COSTS

Plaintiffs also request $1,393.25 in taxable costs. The Court agrees that this amount should be reduced by $9.50 reflecting the late payment. (R. & R. at 5). However, this Court will further reduce the requested amount by $575.00.

---

[1] Where, as here, an attachment contains multiple documents, pinpoint citations will refer to the electronic page number of the attachment.

"In an FLSA action, it is error for a district court to award costs in excess of those permitted by [28 U.S.C.] § 1920. *Dail v. George A. Arab Inc.*, 391 F. Supp. 2d 1142, 1146 (M.D. Fla. 2005) (citing *Glenn v. Gen. Motors Corp.*, 841 F.2d 1567, 1575 (11th Cir. 1988)); *see also Mock v. Bell Helicopter Textron, Inc.*, 456 F. App'x 799, 802 (11th Cir. 2012) (per curiam) (holding that "[t]hough plaintiffs may, in addition to fees, recover the 'costs of the action'" under 29 U.S.C. § 216(b), the Eleventh Circuit "has clearly held that cost recovery is limited by 28 U.S.C. § 1920"). Service of process fees are recoverable under § 1920(1). *U.S. Equal Emp't Opportunity Comm'n v. W&O, Inc.*, 213 F.3d 600, 624 (11th Cir. 2000). However, service of process fees are limited to those fees authorized by 28 U.S.C. § 1921 regardless of who effects service. *Id.* "The statutorily authorized fee for § 1921 is set forth in 28 C.F.R. § 0.114." *Countryman Nev., LLC v. Adams*, No. 6:14-cv-491-Orl-18GJK, 2015 WL 574395, at *9 (M.D. Fla. Feb. 11, 2015). For service effected on or before October 29, 2013, Plaintiff is entitled to recover no more than $55.00 per hour for service of process. 28 C.F.R. § 0.114(a)(3) (2013). Plaintiff may recover no more than $65.00 per hour for service effected on or after October 30, 2013. *Id.* § 0.114(a)(3) (2014); *see also Countryman*, 2015 WL 574395, at *9.

Plaintiffs seek $785.00 in service of process fees for perfecting service against USDS. (Summ. Fees & Costs, Doc. 100-5, at 6). However, two of the invoices submitted seek sums in excess of those authorized by § 1921. Specifically, Plaintiffs seek to tax $95.00 for an attempt to serve USDS in or around February 2013. (Mar. 4, 2013 Statement, Doc. 100-5, at 32). At that time, Plaintiffs were only entitled to taxable costs for service of process of $55.00. Additionally, Plaintiffs have submitted an invoice for $600.00, including both "Skip-Trace Services" and process service fees, in connection with an attempt to serve USDS in January 2015. (Feb. 12, 2015 Invoice, Doc. 100-5, at 38). Plaintiffs have not explained how the tracing services are taxable as

costs of serving process pursuant to the statute, thus the $500.00 for that service will be denied. Additionally, $100.00 is over the applicable $65.00 per hour limit for service of process. Although Plaintiffs' state that "Defendants' contumacious conduct resulted in higher than average costs pertaining to service of process," (Mot. Att'y Fees at 10), Plaintiffs fail to cite any authority authorizing an award in excess of the statutory limits. Thus, Plaintiffs' requested taxable costs against USDS will be reduced by an additional $575.00 and Plaintiffs will be awarded $305.00 in taxable costs against USDS.

## IV.   CONCLUSIONS

In accordance with the foregoing, it is hereby **ORDERED** and **ADJUDGED** as follows:

1. The Report and Recommendation (Doc. 101) is **ADOPTED** and **CONFIRMED**, as modified by this Order.
2. Plaintiffs' Renewed Motion for Attorney Fees and Costs (Doc. 100) is **GRANTED in part**.
3. Plaintiffs are awarded attorneys' fees in the amount of $24,409.50 and taxable costs in the amount of $808.75.
4. The Clerk is directed to enter judgment in favor of Plaintiffs as follows:
   a. Against USG7, LLC and USDS, LLC, jointly and severally, for $13,167.00.
   b. Against USG7, LLC for $5,689.50.
   c. Against USDS, LLC for $5,553.00.
5. **On or before April 13, 2016**, Plaintiffs shall submit Bills of Costs in accordance with this Order. Specifically, Plaintiffs shall submit the following Bills of Costs:
   a. Against USG7, LLC and USDS, LLC, jointly and severally, for $350.00.
   b. Against USG7, LLC for $153.75.

      c.   Against USDS, LLC for $305.00.

6. The Clerk is directed to tax costs immediately upon receipt of the Bills of Costs.

**DONE** and **ORDERED** in Orlando, Florida on April 6, 2016.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record